WOOD v. SANDS.

In an action against the mortgagee to recover the balance due on the mortgage and note, after applying the proceeds from the sale of the mortgaged premises; it was held, that as the mortgagee had not indorsed the note, there was no cause of action against him.

*Appeal from Wapello District Court.*

*Opinion by* HALL, J. On the 14th day of January, 1851, Joseph Thompson executed his note, or contract in writing, as follows: " For value received, I promise to pay Andrew Wood, or bearer, the sum of two hundred and sixty dollars, as follows, to wit: fifteen dollars will be due on the 15th of July next; fifteen dollars on the 15th of January next; fifteen dollars on the 15th of July, 1852; and balance, being two hundred and fifteen dollars, will be due two years from this date."

On the same day, Thompson executed a mortgage on certain real property in Wapello county, to secure the payment of the note. On the back of the note there is indorsed: " I assign the within note to *Mrs. Sarah Coffin*, October 31st, 1851." To this assignment there is no signature.

"For value received, I assign the within, 12th November, A. D., 1851. SARAH COFFIN."

On the back of the mortgage is the following indorsement: " November 12th, A. D. 1851, for value received, I assign the within mortgage, together with all my right, title, and legal and equitable interest in the same, to David Sands. ANDREW D. WOOD."

At the April term of the district court, 1853, Sands filed his petition for a foreclosure of the mortgage against Thompson, and made Wood party, and claims judgment against the defendants, for the amount due on the note. The defendant, Thompson, made default, and a judgment

Wood v. Sands.

for the full amount due, was rendered against him, with a decree foreclosing his equity of redemption, and an order of sale against the premises. Wood filed his answer, and the cause was continued. A special execution was issued against Thompson, and the mortgaged premises sold. At the August term, 1853, Wood filed a supplemental answer setting up the foreclosure and sale of the premises. The main defense set up by Wood, in his answer, was that at the time he sold the note to Mrs. Coffin, it was distinctly and positively agreed that it should be without recourse on him; that she was to look to the mortgage alone for the payment, and that, as a consideration, a discount was made on the note of thirty-six dollars. Sands is charged with notice of this agreement before he obtained the note; the answer is sworn to, and the plaintiff is called upon for a sworn replication. To this answer, the plaintiff files his demurrer, which was sustained. Upon this state of pleadings, the court go on and try the case. The plaintiff offered in evidence the note, mortgage and assignments set forth in the petition, which were all the evidence given by either party. Upon this evidence, the court render a judgment against the defendant, for one hundred and thirty-eight dollars and seventy-three cents, it being the balance due on the note, after deducting the amounts produced by the sale of the mortgaged premises. The court ordered that a satisfaction of one of the judgments should be a satisfaction of both.

The defendant excepts to the decision of the court below in rendering the last judgment.

There is no cause of action against Wood stated in the petition; his signature does not appear on the note; and his assignment of the mortgage to Sands creates no liability whatever. True, the petition states that Wood assigned the note to Coffin; but the copy of the assignment attached to, and a part of the petition controls that averment, and fixes the fact that he did not indorse. § 1750 of the Code

makes these copies essential and controlling in the pleadings.

Judgment reversed.

*W. Penn Clarke* and *H. B. Hendershott*, for appellant.

*J. C. Knapp* and *S. W. Summers*, for appellee.